UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| RICHARD NEIBERGER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-00254-MW-GRJ |
| ) | |
| DEUTSCHE BANK AG, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendant Deutsche Bank AG ("Deutsche Bank") hereby moves the Court for an extension of time to respond to Plaintiffs' Complaint until 30 days after the Court rules on Deutsche Bank's pending Motion to Transfer Venue to the Eastern or Southern District of New York.

## MEMORANDUM OF LAW

Deutsche Bank seeks an extension of time to respond to Plaintiffs' Complaint in light of Deutsche Bank's pending Motion to Transfer Venue to the Eastern or Southern District of New York ("Motion to Transfer"). As explained in the Motion to Transfer, this action should be transferred in the interest of justice and for the convenience of the parties and witnesses to the Eastern District of New York, where Plaintiffs have filed a duplicative action against ten other defendants,

or in the alternative, to the Southern District of New York, where substantially similar litigation is pending against Deutsche Bank. If this action is not transferred before the approaching deadline of March 26, 2019 for Deutsche Bank to respond to this Complaint, Deutsche Bank will be forced to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b). However, if this action is transferred to New York, a modest extension of time to respond to the Complaint may obviate the need for the parties to engage in potentially duplicative briefing and save them considerable time, resources, and effort. This is because recently filed cases in the Eastern and Southern Districts of New York – including the *Stephens* case brought by the exact same Plaintiffs here – have been stayed in order to permit already-filed and pending motions to dismiss in related cases to be decided. The Court should therefore allow Deutsche Bank to respond to Plaintiffs' Complaint 30 days after the Court rules on Deutsche Bank's Motion to Transfer.

## ARGUMENT

The Court has "'unquestionable' authority to control [its] docket[]," including "broad discretion in deciding how best to manage the cases before [it]." *See Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Where, as here, a defendant seeks to transfer an action, courts routinely permit the defendant to respond to the complaint after a decision is entered on the motion to transfer. *See, e.g.,* Order, *Chicken Kitchen USA, LLC v. Tyson Foods, Inc.*, No.

1:17-cv-21503 (S.D. Fla. May 25, 2017), ECF No. 17 (granting defendants' request for an extension of time to respond "to the Complaint until 30 days after resolution of Defendants' pending motion for transfer"); *Exprezit Convenience Stores, LLC v. Transaction Tracking Techs., Inc.*, No. 3:05CV12/MCR, 2005 WL 2704891, at *2 (N.D. Fla. Oct. 19, 2005) (noting that the court had granted the parties' motion to stay all proceedings pending resolution of defendant's motion to dismiss or transfer); *cf. Martinez v. Shulkin*, No. 1:17cv128-MW/CAS, 2017 WL 10821303, at *2 (N.D. Fla. Aug. 2, 2017) (Walker, C.J.) (granting motion to transfer and extend time to respond to complaint; allowing defendant 30 days from the date of transfer to respond to plaintiffs' complaint).

Because substantially similar actions are already pending in both the Eastern and Southern Districts of New York, an extension of time for Deutsche Bank to respond to the Complaint likely would benefit all parties and promote the interests of judicial efficiency and economy. If this action is transferred to the Eastern District of New York, it likely would be consolidated, or at a minimum, coordinated with Plaintiffs' duplicative action brought against ten other defendants, *Stephens v. HSBC Holdings PLC*, 1:18-cv-07439-RJD-CLP (E.D.N.Y.). An extension of time would thus allow Deutsche Bank to file any motion to dismiss together with the *Stephens* defendants. Such a result would benefit Plaintiffs, as they would only have to oppose a single, joint motion to

dismiss. Similarly, it would benefit the transferee court, as it would need to rule on only a single motion to dismiss.

Moreover, if transfer is granted, it may ultimately prove unnecessary for a separate motion to dismiss to be briefed at all, in light of the fully briefed motions to dismiss pending in similar ATA actions in both the Eastern District of New York (*Freeman v. HSBC Holdings PLC*, No. 1:14-cv-06601-DLI-CLP (E.D.N.Y.)), and the Southern District of New York (*O'Sullivan v. Deutsche Bank AG*, No. 1:17-cv-08709-LTS-GWG (S.D.N.Y.)). Plaintiffs recently stipulated in *Stephens* that a stay of the action would be "in the interest of efficiency and justice" until a decision is entered on the motion to dismiss pending in *Freeman*. *See* Stipulation & Order, *Stephens v. HSBC Holdings PLC*, No. 1:18-cv-07439-RJD-CLP (E.D.N.Y. Feb. 13, 2019), ECF No. 7. For that reason, the Eastern and Southern Districts of New York have stayed new ATA actions in light of these pending motions to dismiss. *See* Stipulation & Order, *O'Sullivan v. Deutsche Bank AG*, No. 1:17-cv-08709-LTS-GWG (S.D.N.Y. Jan. 30, 2019), ECF No. 190; Order, *Donaldson v. HSBC Holdings PLC*, No. 1:18-cv-07442-LDH-JO (E.D.N.Y. Mar. 5, 2019), ECF No. 7; Stipulation & Order, *Tavera v. HSBC Bank USA, N.A.*, No. 1:18-cv-07312-LDH-SJB (E.D.N.Y. Feb 26, 2019), ECF No. 44. Briefing of a separate motion to dismiss this action would be wasteful given the likelihood that this case, if transferred, would similarly be held in abeyance.

Postponing briefing of any motion to dismiss would be efficient for the additional reason that it would ensure that the content and the form of such briefing is tailored to the relevant court. Deutsche Bank cannot effectively brief its motion to dismiss, and Plaintiffs cannot effectively respond, until the parties know (a) which Circuit's authority controls, and (b) which District's local rules will apply to such briefing, especially because the rules of the Eastern District and Southern District of New York differ from those of this District, including with respect to the length and form of briefs on motions to dismiss.

Thus, Deutsche Bank respectfully submits that the most efficient approach to management of this case is to determine the venue in which this matter will be litigated first, and to extend Deutsche Bank's time for responding to the Complaint until after the question of venue is resolved.

## CONCLUSION

For the foregoing reasons, Deutsche Bank respectfully requests that this Court extend the time for Deutsche Bank to respond to Plaintiffs' Complaint until 30 days after the Court rules on Deutsche Bank's Motion to Transfer.

DATED: March 8, 2019

Respectfully submitted,

*s/Lorence Jon Bielby*
Lorence Jon Bielby
Florida Bar No. 393517
**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Post Office Drawer 1838
Tallahassee, FL 32301
(850) 222-6891 Phone
(850) 681-0207 Fax
BielbyL@gtlaw.com
HoffmanM@gtlaw.com
FLService@gtlaw.com

John E. Hall (*pro hac vice forthcoming*)
Mark P. Gimbel (*pro hac vice forthcoming*)
Laena St-Jules (*pro hac vice forthcoming*)
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000 Phone
(212) 841-1010 Fax
jhall@cov.com
mgimbel@cov.com
lstjules@cov.com

David M. Zionts (*pro hac vice forthcoming*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth St., NW
Washington, DC 20001
(202) 662-6000 Phone
(202) 662-6291 Fax
dzionts@cov.com

*Attorneys for Defendant Deutsche Bank AG*

## LOCAL RULE 7.1(C) CERTIFICATION

Pursuant to Local Rule 7.1(B), counsel for movant conferred with Plaintiffs' counsel in good faith regarding the issues raised in this motion, and Plaintiffs' counsel stated their intention to oppose Deutsche Bank's instant motion.

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), I certify that the foregoing memorandum of law contains 1,047 words, excluding the portions of the memorandum of law exempted by Local Rule 7.1(F).

/s/ Lorence Jon Bielby
**LORENCE JON BIELBY**